IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | Criminal No. 3:09-930-CMC |
|---|---|
| vs. | **OPINION AND ORDER** |
| Martin Mendez,<br>Defendant. | |

This case comes before the court on Defendant's *pro se* Motion under the First Step Act of 2018. ECF No. 514. The United States Probation Office filed a Sentence Reduction Report indicating Defendant does not qualify for relief under the Act. ECF No. 515.

Defendant was charged in a Superseding Indictment on February 17, 2010 with the following counts: (1) conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base ("crack" cocaine), and a quantity of marijuana; (5) possession with intent to distribute 500 grams or more of cocaine and a quantity of marijuana; (6) possession with intent to distribute 500 grams or more of cocaine; (7) possession with intent to distribute 500 grams or more of cocaine; and (8)-(11) four counts of use of a communication facility, a telephone, to facilitate the commission of a felony under the Controlled Substances Act. ECF No. 161.

Defendant proceeded to trial and was found guilty of conspiracy to possess with intent to distribute 500 grams or more but less than 5 kilograms of cocaine, and 280 grams or more of cocaine base. ECF No. 247. Defendant was also found guilty on counts 5, 6, 7, 8, 9, and 10.[1]

---

[1] The court granted a directed verdict for Defendant on Count 11. ECF No. 237.

ECF No. 245. He was sentenced on July 16, 2010 to 240 months' imprisonment and ten years' supervised release. ECF No. 304.[2]

In 2010, Congress passed the Fair Sentencing Act to reduce the disparity in the treatment of cocaine base and powder cocaine offenses by increasing the quantities of cocaine base required to trigger 21 U.S.C. §§ 841(b)(1)(A) and (B). *See* Pub. L. No. 111-220, 124 Stat. 2372. The First Step Act of 2018 applied these provisions of the Fair Sentencing Act retroactively. *See* Pub. L. No. 115-391, 132 Stat. 5194. Under § 404 of the First Step Act, a court that imposed a sentence for an offense covered under the Fair Sentencing Act "may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the offense was committed." *Id.* Consideration for a reduction in sentence is not available under the First Step Act "if the sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." *Id.* at §404(b). Section 2 of the Fair Sentencing Act amended the threshold cocaine base amounts triggering §§841(b)(1)(A) and (B)'s penalties, amending § 841(b)(1)(A)(iii) "by striking '50 grams' and inserting '280 grams.'" Fair Sentencing Act, § 2, Pub. L. No. 111-220, 124 Stat. 2372.

Although Defendant went to trial and was sentenced in 2010, it is clear from the verdict form that the Fair Sentencing Act of 2010 was applied to his case. *See* ECF No. 247 at 4 (jury verdict finding Defendant responsible for 280 grams or more of cocaine base). His sentence was

---

[2] An Amended Judgment was entered on August 13, 2010 to correct Defendant's USM number. ECF No. 323.

therefore imposed "in accordance with the amendments" of the Fair Sentencing Act, and he is ineligible for a reduction pursuant to the First Step Act.

Accordingly, Defendant's motion for relief under the First Step Act (ECF No. 514) is denied.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
October 21, 2019